Dawniell Alise Zavala (State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
E-mail: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
ARISTA RECORDS LLC; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; and ELEKTRA ENTERTAINMENT GROUP INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOHN DOE,<br>        Defendant. | CASE NO. 3:08-CV-01674-JSW<br><br>Honorable Jeffrey S. White<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1  Plaintiffs respectfully request that the Court continue the case management conference currently set for August 15, 2008 at 1:30 p.m. to November 14, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 60 days to serve Defendant with the Summons and Complaint.  In support of their request, Plaintiffs state as follows:

1. The initial case management conference is currently scheduled for August 15, 2008 at 1:30 p.m.  The current deadline for service of process is July 25, 2008.  No previous continuances or extensions have been requested or granted in this case.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on March 27, 2008.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP").  Accordingly, in order to determine Defendant's true name and identity, Plaintiffs simultaneously filed their Application for Leave to Take Immediate Discovery, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

3. The Court entered an Order for Leave to take Immediate Discovery on May 19, 2008, which was promptly served upon the ISP along with a Rule 45 subpoena.  The ISP responded on June 23, 2008 and named Josh Thorpe as the infringer.

4. Once Plaintiffs received the Doe Defendant's identifying information, Plaintiffs sent a letter to Mr. Thorpe on July 1, 2008 notifying him of Plaintiffs' claims and inviting him to contact Plaintiffs and attempt resolution of the dispute.

5. Plaintiffs and Mr. Thorpe have been in contact and are attempting to settle this matter.  If they are able to finalize a settlement, Plaintiffs will promptly file closing papers.  If Plaintiffs become convinced that the dispute cannot be resolved, Plaintiffs intend to file a First Amended Complaint naming Defendant personally, and then proceed to serve process upon him.

6. Given the foregoing circumstances, Plaintiffs respectfully request that the case management conference be continued to November 14, 2008, or such other date as conveniences the Court.

7. Plaintiffs also request an additional 60 days to effectuate service.

8. Plaintiffs submit that their attempts to give formal notice to Mr. Thorpe of their claims and subsequent efforts to resolve the case without further litigation constitute good cause for any delay in perfecting service. Plaintiffs are acting in good faith to try to settle this matter with Mr. Thorpe without naming him in the suit, and are attempting to avoid the cost of further litigation for both parties. *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to Defendant from any delay in serving the Complaint.

Dated: July 22, 2008                                  HOLME ROBERTS & OWEN LLP

                                                      By: ___*/s/ Dawniell Alise Zavala*___
                                                          DAWNIELL ALISE ZAVALA
                                                          Attorney for Plaintiffs
                                                          ARISTA RECORDS LLC; UMG
                                                          RECORDINGS, INC.; INTERSCOPE
                                                          RECORDS; and ELEKTRA
                                                          ENTERTAINMENT GROUP INC.

**[PROPOSED] ORDER**

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for August 15, 2008 at 1:30 p.m. be continued to November 14, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended for 60 days from the date of this Order.

Dated: _____     By: _____
                                     Honorable Jeffrey S. White
                                     United States District Judge