Dawniell Zavala (State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
E-mail: dawniell.zavala@hro.com

Attorney for Plaintiffs
ARISTA RECORDS LLC; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; and ELEKTRA ENTERTAINMENT GROUP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOSH THORPE,<br><br>Defendant. | Case No. 3:08-cv-01674-JSW<br><br>**EX PARTE APPLICATION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE AND [PROPOSED] ORDER** |

Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs ask this Court for an additional 60 days to serve Defendant with the Summons and Amended Complaint. As further explained below in support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is September 22, 2008 having been extended once previously while Defendant was a Doe defendant.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe on March 27, 2008. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – in this case, California State University, Monterey Bay.

3. In order to determine the true name and identity of the Doe defendant, Plaintiffs filed their Application for Leave to Take Immediate Discovery on March 27, 2008, requesting that the Court to enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on May 19, 2008 which was promptly served upon the ISP along with a Rule 45 subpoena.

5. On June 23, 2008, the ISP identified Josh Thorpe as the infringer and Plaintiffs promptly sent formal written notice of their claim to Mr. Thorpe and requested that he contact them so that settlement efforts could commence.

6. Plaintiffs thereafter received a call from Mr. Thorpe and then from an attorney on his behalf. (The attorney no longer represents Mr. Thorpe). The parties engaged in settlement efforts which unfortunately have not been successful. Accordingly, on this date Plaintiffs filed an amended complaint naming Mr. Thorpe individually as a defendant and have engaged a process serving company to serve Mr. Thorpe once the Summons is issued.

7. It appears that there is not a sufficient amount of time prior to the service deadline for Plaintiffs to serve Defendant with the Summons and Amended Complaint.

8. Given the circumstances of this case, Plaintiffs respectfully request an additional 60 days to effectuate service.

9. Plaintiffs' filing of their Application for Leave to Take Immediate Discovery demonstrates "good cause" under Rule 4 for an extension of time for service. *See, e.g.,*

1

EX PARTE APPLICATION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE AND [PROPOSED] ORDER
Case No. 3:08-cv-01674-JSW
#40112 v1 saf

*Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same). Plaintiffs further submit that their attempts to resolve the case without further litigation constitute good cause for the delay in perfecting service. Plaintiffs acted in good faith to try to settle this matter with Mr. Thorpe without naming him in the suit as well as attempting to avoid the cost of further litigation for both parties. Unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

10. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See,* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

11. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: September 22, 2008            HOLME ROBERTS & OWEN LLP

                                     By  */s/ Dawniell Zavala*
                                         DAWNIELL ZAVALA
                                         Attorney for Plaintiffs
                                         ARISTA RECORDS LLC; UMG
                                         RECORDINGS, INC.; INTERSCOPE
                                         RECORDS; and ELEKTRA
                                         ENTERTAINMENT GROUP INC.

**[PROPOSED] ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Amended Complaint on Defendant be extended for 60 days from the date of this Order.

Dated: September 23, 2008      By: _____/s/ Jeffrey S. White_____
                                    Honorable ~~James Larson~~ Jeffrey S. White
                                    United States ~~Magistrate~~ Judge

3